# SC DOCKET SHEET
## CASE NO. PC-2017-1043

| | | |
|---|---|---|
| Josue Feliz<br>v.<br>Lakeview Loan Servicing LLC,M & T Bank | §<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **03/06/2017**<br>US District Court Case Number: **1:17-CV-00131** |

---

### CASE INFORMATION

**Statistical Closures**
04/05/2017   Closed - Unassigned

Case Type: **Civil Action**

Case Status: **04/05/2017   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          PC-2017-1043<br>Court                     Providence/Bristol County Superior Court<br>Date Assigned       03/06/2017 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| Plaintiff | Feliz, Josue J | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| Defendant | **Lakeview Loan Servicing LLC** | **COLETTI, ANTHONY J**<br>*Retained*<br>6175580500(W) |
| | **M & T Bank** | **COLETTI, ANTHONY J**<br>*Retained*<br>6175580500(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 04/05/2017 | Case Removed to US District Court |
| 04/05/2017 | Closed Unassigned |
| 04/04/2017 | Notice of Removal<br>*Notice of Removal - with Exhibit* |
| 04/04/2017 | Notice of Removal<br>*to Federal District Court for District of R.I.* |
| 04/04/2017 | Entry of Appearance<br>*Entry of Appearance on behalf of M&T Bank and Lakeview Loan Servicing, LLC* |
| 03/27/2017 | **Preliminary Injunction** (9:30 AM)  (Judicial Officer: Licht, Associate Justice Richard) |
| 03/22/2017 | Entry of Appearance<br>*Notice of Appearance* |
| 03/16/2017 | **Temporary Restraining Order** (2:00 PM)  (Judicial Officer: Licht, Associate Justice Richard)<br>*Heard and Granted* |
| 03/16/2017 | Order Entered (Judicial Officer: Keough, Associate Justice Maureen B. )<br>*TRO* |
| 03/07/2017 | Summons |

*Printed on 04/05/2017 at 9:44 AM*

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2017-1043

03/06/2017     Complaint Filed
      *Complaint*



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information | |
|---|---|
| Case Caption: **JOSUE FELIZ** vs. **LAKEVIEW LOAN SERVICING** | |
| Federal Court Case No. **1:17-CV-00131** State Court Case No. **PC-2017-1043** | |

| Record Information | |
|---|---|

Confidential:        Yes ☐        No ☑        Description: _____

Sealed documents:   Yes ☐        No ☑        Description: _____

| Certification | |
|---|---|

I, **LYNN GAULIN**_____, Clerk of the Rhode Island Superior Court for the County of

_**Providence**_____ do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: 04/05/2017

Clerk of Court

/s/ _____
By Deputy Clerk

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:10 PM
Envelope: 992772
Reviewer: Alexa G.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSUE FELIZ, on behalf of himself and all others so similarly situated, | : : : | Civil Action No. |
| Plaintiff, | : : | |
| v. | : : | NOTICE OF REMOVAL |
| LAKEVIEW LOAN SERVICING, LLC; M&T BANK, | : : | |
| Defendants. | : : : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant M&T Bank ("M&T"), hereby removes the above-captioned matter to this Court from the Superior Court of Providence County, Rhode Island, where it is currently pending as Case No. PC-2017-1043, based upon the following:

## BACKGROUND

1.     Plaintiff Josue Feliz ("Plaintiff") commenced this action in the Superior Court of Providence County, Rhode Island, by filing a Class Action Complaint ("Complaint" or "Compl.") on March 6, 2017, a true and correct copy of which is attached hereto as **Exhibit 1**.

2.     On March 14, 2017, M&T received a copy of the Summons and Complaint via certified U.S. Mail.

3.     This Notice of Removal is timely-filed pursuant to 28 U.S.C. § 1446(b) because it is filed within (30) days of purported service of the Complaint upon M&T.

4.     Upon information and belief, Defendant Lakeview Loan Servicing, LLC ("Lakeview") has not been served with the Summons and Complaint in this matter. Lakeview consents to M&T's removal of the action to this Court.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:10 PM
Envelope: 992772
Reviewer: Alexa G.

Case 1:17-cv-00152-JJM-LDA   Document 1   Filed 04/04/17   Page 5 of 49 PageID #: 38

5.      On or about March 14, 2017, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.   Following a hearing on March 16, 2107, the Providence County Superior Court granted the Plaintiff's Motion For  Temporary Restraining Order and scheduled a hearing on the Motion For Preliminary Injunction for March 27, 2017.   Following a hearing on March 27, 2017, the court granted the Plaintiff's Motion For Preliminary Injunction.

6.      To date, no further pleadings have been filed and no further proceedings have occurred in the Providence County Superior Court litigation.

7.      The United States District Court for the District of Rhode Island includes the county in which this matter is now pending, Providence County; thus, pursuant to 28 U.S.C. § 118, venue is proper.

8.      Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332, 1441 and 1446

9.      Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

10.      M&T is removing this matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

11.      Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists in this case because it is between citizens of different states, and the amount in controversy exceeds $75,000.

12.      There is diversity because Plaintiff and Defendants are citizens of different states:

   a.      Plaintiff alleges that he is a citizen of Rhode Island. Compl. ¶ 15.

   b.      M&T is a New York bank and has its principal place of business in New York.  Therefore, M&T is a citizen of New York for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be

-2-

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:10 PM
Envelope: 992772
Reviewer: Alexa G.

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). M&T is not a citizen of Rhode Island. *See* 28 U.S.C. §§ 1332, 1441(b).

    c.    Lakeview is a Delaware Corporation and has its principal place of business in Coral Gables, Florida. Therefore, Lakeview is a citizen of Delaware and Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). Lakeview is not a citizen of Rhode Island. *See* 28 U.S.C. §§ 1332, 1441(b).

13.    A Notice of Removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief. *See* 28 U.S.C. § 1446(c)(2)(A)(i). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."). In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. *See Smith v. Adams*, 130 U.S. 167, 175, 9 S.Ct. 566, 569, 32 L.Ed. 895 (1889); *Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972) ("In cases where there is no adequate remedy at law, the measure of jurisdiction is the value of the right sought to be protected by injunctive relief."), *rev'd on other grounds Greer v. Spock*, 424 U.S. 828 , 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976).

14.    Here, the amount in controversy exceeds $75,000 because Plaintiff seeks to permanently enjoin Lakeview and M&T from enforcing the Mortgage secured to real property

-3-

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:16 PM
Envelope: 992772
Reviewer: Alexa G.

Case 1:17-cv-00151-JJM-LDA   Document 2   Filed 04/04/17   Page 7 of 49 PageID #: 40
Case 1:17-cv-00151   Document 1   Filed 04/04/17   Page 4 of 6 PageID #: 34

located at 138-140 Althea Street, Providence, RI 02907. *See* Compl. ¶ 86. Plaintiff seeks similar relief on behalf of every member of the class. Plaintiff also seeks relief in the form of actual, exemplary, punitive, and other monetary damages. *See, e.g., id.* ¶ 91. Plaintiff's requested relief would prevent Lakeview and M&T from foreclosing the subject property and enforcing the subject mortgage. The Plaintiff alleges that he executed a mortgage and note in the amount of \$165,000. The Mortgage currently secures a debt in the amount of approximately \$147,000. Thus, the amount in controversy is at least \$147,000.

15.    Accordingly, had Plaintiff's Complaint been brought in the United States District Court for the District of Rhode Island in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1332. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

16.    Written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be served promptly upon all parties and filed with the Superior Court of Providence County, Rhode Island, in accordance with 28 U.S.C. § 1446(d).

17.    M&T has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

18.    No admission of fact, law or liability is intended by this Notice of Removal, and M&T expressly preserves all of its defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

**WHEREFORE**, Defendant M&T requests that the above-captioned action be removed from the Superior Court of Providence County, Rhode Island, to the United States District Court for the District of Rhode Island, and that all further proceedings in this action be held before this Court.

-4-

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:10 PM
Envelope: 992772
Reviewer: Alexa G.

Case 1:17-cv-00153-JJM-LDA Document 2 Filed 04/04/17 Page 8 of 49 PageID #: 41

/s/ David A. Casale
_____
David A. Casale
Attorney I.D. No. 8198
**REED SMITH LLP**
20 Stanwix Street, Suite 1200
Pittsburgh, PA 15222
Telephone: +1 412 288 3330
Facsimile: +1 412 288 3063
dcasale@reedsmith.com

*Attorneys for Defendants Lakeview Loan
Servicing, LLC and M&T Bank*

Dated: April 4, 2017

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2017, a true and accurate copy of the

foregoing Notice of Removal was served by first class U.S. mail on the following:

Todd S. Dion, Esquire
371 Broadway
Providence, RI 02909
*Attorney for Plaintiff*

/s/ David A. Casale
David A. Casale

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:52:10 PM
Envelope: 992772
Reviewer: Alexa G.

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 10 of 49 PageID #: 43

SUPERIOR COURT OF RHODE ISLAND
FOR THE COUNTY OF PROVIDENCE

| | | |
|---|---|---|
| JOSUE FELIZ, on behalf of himself and all others so similarly situated, | : | Civil Action No. PC-2017-1043 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NOTICE TO CLERK OF REMOVAL |
| LAKEVIEW LOAN SERVICING, LLC; M&T BANK, | : | TO FEDERAL COURT |
| | : | **CLERK'S ACTION REQUIRED** |
| Defendants. | : | |

TO:   CLERK OF THE PROVIDENCE COUNTY SUPERIOR COURT AND TO ALL

OTHER PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN

NOTICE IS HEREBY GIVEN, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the

Notice of Removal to Federal Court of Defendant M&T Bank, a copy of which is attached to this

Notice, for removal of the above-entitled action to the United States District Court for the

District of Rhode Island.

This Notice is served upon you in compliance with 28 U.S.C. § 1446.

/s/ David Casale
David A. Casale
Attorney I.D. No. 8198
**REED SMITH LLP**
20 Stanwix Street, Suite 1200
Pittsburgh, PA  15222
Telephone: +1 412 288 3330
Facsimile: +1 412 288 3063
dcasale@reedsmith.com
*Attorneys for Defendants Lakeview Loan*
*Servicing, LLC and M&T Bank*

Dated:  April 4, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2017, a true and accurate copy of the

foregoing Notice to Clerk of Removal to Federal Court was served by first class U.S. mail on the

following:

Todd S. Dion, Esquire
371 Broadway
Providence, RI 02909
*Attorney for Plaintiff*

/s/ David Casale
David A. Casale

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:10:26 PM
Envelope: 992589
Reviewer: Lynn G.

CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 12 of 49 PageID #:
45

SUPERIOR COURT OF RHODE ISLAND
FOR THE COUNTY OF PROVIDENCE

| | | |
|---|---|---|
| JOSUE FELIZ, on behalf of himself and all others so similarly situated, | : : : | Civil Action No. PC-2017-1043 |
| Plaintiff, | : : : | |
| v. | : : : | |
| LAKEVIEW LOAN SERVICING, LLC; M&T BANK, | : : : : | NOTICE TO CLERK OF REMOVAL TO FEDERAL COURT |
| Defendants. | : : : | **CLERK'S ACTION REQUIRED** |

TO:    CLERK OF THE PROVIDENCE COUNTY SUPERIOR COURT AND TO ALL

OTHER PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN

NOTICE IS HEREBY GIVEN, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the

Notice of Removal to Federal Court of Defendant M&T Bank, a copy of which is attached to this

Notice, for removal of the above-entitled action to the United States District Court for the

District of Rhode Island.

This Notice is served upon you in compliance with 28 U.S.C. § 1446:

/s/ David Casale
David A. Casale
Attorney I.D. No. 8198
**REED SMITH LLP**
20 Stanwix Street, Suite 1200
Pittsburgh, PA  15222
Telephone: +1 412 288 3330
Facsimile: +1 412 288 3063
dcasale@reedsmith.com
*Attorneys for Defendants Lakeview Loan
Servicing, LLC and M&T Bank*

Dated:  April 4, 2017

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:10:26 PM
Envelope: 992589
Reviewer: Lynn G.

Case 1:17-cv-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 13 of 49 PageID #: 46

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2017, a true and accurate copy of the

foregoing Notice to Clerk of Removal to Federal Court was served by first class U.S. mail on the

following:

Todd S. Dion, Esquire
371 Broadway
Providence, RI 02909
*Attorney for Plaintiff*

/s/ David Casale
David A. Casale

SUPERIOR COURT OF RHODE ISLAND
FOR THE COUNTY OF PROVIDENCE

JOSUE FELIZ, on behalf of himself and
all others so similarly situated,

    Plaintiff,

   v.

LAKEVIEW LOAN SERVICING, LLC;
M&T BANK,

    Defendants.

: : : : : : : : : : : :

Civil Action No. PC-2017-1043

ENTRY OF APPEARANCE

Kindly enter my appearance on behalf of Defendants, M&T Bank and Lakeview Loan Servicing, LLC.

      /s/ David Casale

      David A. Casale
      Attorney I.D. No. 8198
      **REED SMITH LLP**
      20 Stanwix Street, Suite 1200
      Pittsburgh, PA 15222
      Telephone: +1 412 288 3330
      Facsimile: +1 412 288 3063
      dcasale@reedsmith.com
      *Attorneys for Defendants Lakeview Loan*
      *Servicing, LLC and M&T Bank*

Dated: April 4, 2017

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 4/4/2017 3:05:55 PM
Envelope: 992559
Reviewer: Lynn G.

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 15 of 49 PageID #: 48

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2017, a true and accurate copy of the

foregoing Entry of Appearance was served by first class U.S. mail on the following:

Todd S. Dion, Esquire
371 Broadway
Providence, RI 02909
*Attorney for Plaintiff*

/s/ David Casale
David A. Casale

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE                                     C.A. NO.:PC-2017-1043

---

JOSUE J. FELIZ, on behalf of himself and all
others so similarly situated,
     Plaintiff,

LAKEVIEW LOAN SERVCING, LLC;
and M&T BANK,
     Defendants.

---

## NOTICE OF APPEARANCE

Please enter my appearance as counsel on behalf of Defendant, Lakeview Loan Servicing,

LLC and M&T Bank, N.A.

Respectfully submitted,
**LAKEVIEW LOAN SERVICING, LLC
AND M&T BANK, N.A.,**
By its attorney,


/s/ Anthony J. Coletti
Anthony J. Coletti, Esq. # 9215
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct: (617) 558-6141
Fax: (617) 243-4038
Dated: March 22, 2017                         acoletti@harmonlaw.com

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/22/2017 2:51:41 PM
Envelope: 976147
Reviewer: Lynn G.

Case 1:17-cv-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 17 of 49 PageID #: 50

## CERTIFICATE OF SERVICE

I hereby certify that, on the 22nd day of March, 2017:

**X** I filed this document through the electronic filing system.

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

□ I served this document through the electronic filing system on the following parties:

_____ _____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

**X** I mailed or □ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented;

Todd Dion, Esq.
Law Offices of Todd Dion
15 Cottage Avenue, Suite 202
Quincy, MA 02169

/s/ Anthony J. Coletti

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/16/2017 4:28:08 PM
Envelope: 969300
Reviewer: Alexa G.

CASE 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 18 of 49 PageID #: 51

**STATE OF RHODE ISLAND**                       **SUPERIOR COURT**
**PROVIDENCE, SC**

| | |
|---|---|
| JOSUE J. FELIZ, on behalf of himself and all | ) |
| others so similarly situated, | ) |
| *Plaintiffs* | ) |
| | ) |
| vs. | )    CA No: PC-2017-1043 |
| | ) |
| LAKEVIEW LOAN SERVICING, LLC; | ) |
| and M & T BANK | ) |
| *Defendants* | ) |
| | ) |

## ORDER

       This matter in regards to the Plaintiff's Motion for Temporary Restraining Order and

Preliminary Injunction having been heard before this court on _____3/16/17_____, this

honorable court hereby _GRANTS_ Plaintiff's Motion for Temporary Restraining Order.  In

addition, a hearing on Plaintiff's Motion for Preliminary Injunction has been scheduled for

_3/27/17_.

ENTERED as an Order of the Court on this _____ day of March, 2017.

PER ORDER:

_____

Dated: __3/16/17__

    Deputy
    Clerk

AS PRESENTED BY:

_Todd Dion_

Todd S. Dion, Esq. (#6852)
1599 Smith Street
North Providence, RI  02911
Telephone: (401) 353-1230
toddsdion@msn.com

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2017-1043 |
| **Plaintiff**<br>Josue J Feliz<br>v. | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| **Defendant**<br>Lakeview Loan Servicing Llc | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1599 SMITH STREET<br>NORTH PROVIDENCE RI  02911 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>1 M & T Plaza<br>Fl 5<br>Buffalo NY  14203 |

**TO THE DEFENDANT, M & T Bank:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 3/7/2017. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Josue J Feliz<br>          v.<br>**Defendant**<br>Lakeview Loan Servicing Llc | **Civil Action File Number**<br>PC-2017-1043 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, M & T Bank, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
　　Name of person of suitable age and discretion _____
　　Address of dwelling house or usual place of abode _____
　　_____
　　Age _____
　　Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
　　Name of authorized agent _____
　　If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
　　_____

☐ With a guardian or conservator of the Defendant.
　　Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
　　Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
  _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | **Civil Action File Number** |
|---|---|
|  | PC-2017-1043 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Josue J Feliz | Todd Dion |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | 1599 SMITH STREET |
| Lakeview Loan Servicing Llc | NORTH PROVIDENCE RI  02911 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 4425 Ponce DeLeon Blvd |
| 250 Benefit Street | Coral Gables FL  33146 |
| Providence RI  02903 |  |
| (401) 222-3250 |  |

**TO THE DEFENDANT, Lakeview Loan Servicing LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/7/2017. | /s/ Henry Kinch |
|---|---|
|  | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Josue J Feliz<br>    v.<br>**Defendant**<br>Lakeview Loan Servicing Llc | **Civil Action File Number**<br>PC-2017-1043 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Lakeview Loan Servicing LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE:  _____/_____/_____ | SERVICE FEE $_____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 27 of 49 PageID #: 60

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC

JOSUE J. FELIZ, on behalf of himself and all    )
others so similarly situated,                   )        CA NO.
                                                )
                                                )
                    *Plaintiffs*,               )        CLASS ACTION COMPLAINT
                                                )
                                                )
vs.                                             )        JURY DEMAND
                                                )
LAKEVIEW LOAN SERVICING, LLC;                   )
M & T BANK                                       )
                                                )
                    *Defendants*.               )
                                                )
                                                )
                                                )

---

## INTRODUCTION

1.      Representative Plaintiffs Josue J. Feliz, on behalf of himself and all other similarly-situated individuals ("Plaintiffs") brings this class action as described in the paragraphs set forth herein.

2.      Plaintiffs seek a declaratory judgment that Defendants Lakeview Loan Servicing, LLC (Lakeview) and M & T Bank (M & T Bank) foreclosed mortgages, sold mortgaged properties at Mortgagee's Foreclosure Sales, and conveyed those properties without possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34.

3.      The Defendants also were not authorized to accelerate or foreclose Plaintiffs' mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions

1

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 28 of 49 PageID #: 61

of the Defendants by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in violation of R.I.G.L. § 34-11-34, for breach of contract, and violation of 24 CFR 203.604(b).

## JURISDICTION AND VENUE

4.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of the claims of the class.  Further, the Representative Plaintiffs will fairly and adequately protect the interest of the class.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 29 of 49 PageID #: 62

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

12.     Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

13.     In the alternative, Plaintiffs and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 34-11-34, breach of the mortgage contract and violation of 24 CFR 203.604(b).

14.     Plaintiffs and members of the class claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.

## PARTIES

15.     Representative Plaintiff Josue J. Feliz is a citizen of the State of Rhode Island and claims to be one of the rightful owners of the property located at 138-140 Althea Street, Providence, RI 02907, which is the subject property as noted herein.

16.     Defendant Lakeview Loan Servicing, LLC (Lakeview) is a mortgage loan servicer and purported mortgage of the Plaintiff's Mortgage. Lakeview's headquarters are located at 4425 Ponce DeLeon Blvd. Coral Gables, FL 33146

3

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 30 of 49 PageID #: 63

17.     Defendant M & T Bank is a residential mortgage servicing company and servicer of the Plaintiff's mortgage with a location at 45 Milk Street, Second Floor, Boston, MA 02109.

## GENERAL FACTS AND RELEVANT BACKGROUND

18.     The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

19.     Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant Lakeview's predecessor in interest, Allied Home Mortgage Corporation, and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

20.     The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 31 of 49 PageID #: 64

documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

21.   Documents relating to the pooled mortgages must be held by a document custodian, which may be the same entity as the Issuer, on Ginnie Mae's behalf for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

22.   The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

23.   One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an _original note_, or other evidence of indebtedness, endorsed in blank and without recourse by the pooling Issuer. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

25.   As noted above at ¶ 22, Documents relating to the pooled mortgages must be held by a document custodian _on Ginnie Mae's behalf_. As noted above at ¶ 24, one of those documents is the original note, endorsed in blank and without recourse by the pooling Issuer, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating Issuer or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgages given by Plaintiffs as noted herein.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 32 of 49 PageID #: 65

26.    Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

27.    At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

28.    USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

29.    USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

6

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 33 of 49 PageID #: 66

## ALLEGATIONS OF THE NAMED PLAINTIFFS

30.    The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

31.    Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

32.    On July 18, 2011, Josue J. Feliz, was granted one of the subject property located at 138-140 Althea Street, Providence, RI 02907.  The deed evidencing the transfer of the subject property was recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 10038 at Page 202, on July 19, 2011.

33.    On July 18, 2011, Josue J. Feliz executed a mortgage and note both in the amount of One Hundred Sixty-Five Thousand ($165,000.00) Dollars, to Allied Home Mortgage Corporation as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee of Lender, Said mortgage was secured against the 138-140 Althea Street subject property and recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 10038 at Page 204 on July 19, 2011. ("The Feliz Mortgage" and "The Feliz Note").

34.    The Feliz Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-1207877-703.

35.    Plaintiffs herein allege that all right title and interest in the note secured by the Feliz Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiffs in return for the mortgage loan as noted herein.

36.    Subsequently, on good information and belief subject to further discovery, after recording of the Feliz Mortgage, Lakeview/ M & T Bank's predecessor in interest, Allied, became the

7

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 34 of 49 PageID #: 67

Issuer and/or servicer of a pool of FHA insured mortgages and notes held by Ginnie Mae, of which the Feliz Mortgage was a part.

37.    On September 12, 2013 MERS assigned the Feliz Mortgage to Lakeview. Said assignment was recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 10696 at Page 184 on September 18, 2013.

38.    In September 2013, Lakeview and or M & T Bank, became the servicer of the Feliz Mortgage and on good information and belief subject to further discovery, Lakeview/ M & T Bank also assumed Issuer and/or Document Custodial duties for the Feliz Mortgage and Note, on behalf of Ginnie Mae.

39.    On or about January 27, 2017, Lakeview through M & T Bank retained Harmon Law PC to foreclose the subject matter mortgage, and caused to be sent to Plaintiffs a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of March 20, 2017.

40.    Plaintiffs allege that neither Lakeview and/or M & T Bank had authority or power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to accelerate, foreclose, sell the subject property at mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by R.I.G.L. § 34-11-34. As such the foreclosure, mortgagee's foreclosure sale and conveyance by foreclosure deed are invalid, void, and without force and/or effect.

42.    Further, the foreclosure purportedly conducted by the Defendants is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

8

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 35 of 49 PageID #: 68

43.    Plaintiffs herein allege that neither Lakeview or M & T Bank had a face to face interview with the borrowers before three full monthly installments due on the mortgage were unpaid, and that the Defendants made no effort to arrange such a meeting.

44.    Plaintiffs further allege that the subject property is within 200 miles of a branch offices of the Defendants[1]; and that they occupied and still occupy the mortgaged property; and they never clearly indicated to the Defendants that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

## CLASS ALLEGATIONS

45.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

46.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

47.    The Plaintiffs sue on behalf of himself and all homeowners or former homeowners since February 2010 whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendants M & T Bank and/or Lakeview possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34;

48.    The Plaintiffs' sue on behalf of himself and all homeowners or former homeowners wherein Defendants M & T Bank and/or Lakeview failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendants; who occupied the mortgaged property as their primary

---

[1] As example, M & T Bank, maintained a branch office at 45 Milk Street, Second Floor, Boston, MA 02109 which is within 200 miles in driving distance from the Plaintiffs' mortgaged property. On good information and belief, subject to further discovery, Lakeview/ M& T Bank maintained said branch office at the time the Plaintiffs were 3 months delinquent on their mortgage.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 36 of 49 PageID #: 69

residence; who never clearly indicated to the Defendants that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

49.     The gravity of harm to Plaintiff and members of the class resulting from the Defendants' violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

50.     Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

51.     Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

52.     Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

53.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

10

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Geneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 37 of 49 PageID #: 70

54.     Plaintiff's claim on behalf of himself and all others so similarly situated that the Defendants violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

55.     Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

56.     Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants.    Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

57.     All members of the class have been subject to and affected by the same conduct.

58.     The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

59.     The claims of the Named Plaintiff are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

60.     The Named Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Named Plaintiff are committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

11

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 38 of 49 PageID #: 71

61.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

62.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

65.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

66.    It is desirable to concentrate the litigation of the claims in this particular forum.

67.    There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## VIOLATION OF R.I.G.L. § 34-11-34

68.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

69.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

70.    The subject matter notes at all times relevant to the foreclosure actions as noted herein were held by Ginnie Mae.

12

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 39 of 49 PageID #: 72

71.    Defendants M & T Bank and Lakeview did foreclose, conduct a mortgagee's foreclosure sales, and conveyed wrongfully foreclosed properties of Plaintiff and members of the class, without authority and power of attorney from Ginnie Mae, in violation of R.I.G.L. § 34-11-34 which states in pertinent part;

> **§ 34-11-34 Conveyances executed by attorney – Recording of power.** – Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, <u>providing that a power of attorney be given by such grantor for this purpose</u>; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered <u>and recorded</u> with like formalities prescribed by law concerning deeds from grantors in person. (Emphasis Added).

72.    At all times, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Lakeview and M & T Bank was not the note-holder or "Lender" with respect to Plaintiffs' mortgages.

73.    At all times, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Lakeview and M & T Bank did not have specific authority or a power of attorney from note-holder "Lender" Ginnie Mae, authorizing Defendants to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to R.I.G.L. § 34-11-34.

74.    Without authority from Ginnie Mae, Defendants lacked authority to exercise the statutory power of sale in Plaintiffs' mortgages.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 40 of 49 PageID #: 73

75.    Absent Power of Attorney from Ginnie Mae, the conveyances of Plaintiffs' properties via foreclosure deed by Defendants as noted herein are in violation of R.I.G.L. § 34-11-34 and are void, invalid and without force and effect.

76.    As a direct result of Defendants actions, the Plaintiffs have suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

77.    Plaintiffs are entitled to a Declaratory Judgment that the foreclosures, mortgagee's foreclosure sales, and conveyances of their properties via foreclosure deed are void, invalid, and without force and effect.

78.    Plaintiffs are entitled to have their foreclosure deeds rescinded and the titles their properties restored as if no foreclosures had taken place.

79.    As such, the foreclosures and mortgagee's foreclosure sales of Representative Plaintiffs subject property and the properties of the members of the class are therefore void.

80.    Plaintiff claim on behalf of himself and all others so similarly situated that the Defendants lack of authority and Power of Attorney, from Ginnie Mae, to exercise the statutory power of sale and violation R.I.G.L. 34-11-34, is the direct cause of the harms alleged herein.

81.    Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

82.    Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their

14

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 41 of 49 PageID #: 74

situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

83.    Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

84.    The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosure proceedings and/or sales of their property are void, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

85.    Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their property as if no foreclosure sale had ever occurred.   In addition, Plaintiffs and members of the class are entitled to be returned to their status and circumstance prior to the wrongful foreclosure sales, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

86.    Plaintiff and members of the class are entitled to an injunction requiring that the Defendants be prevented from foreclosure action against Plaintiff and all others so similarly situated, or any eviction action until such time as proper notice is made pursuant to statute.

87.    The Plaintiff and members of the class so similarly situated are entitled to cancellation of costs and fees assessed to their accounts for wrongful foreclosure, together with additional damages.

88.    Defendants' conduct was likely to induce reliance and to create confusion and misunderstanding.

89.    Defendants' conduct as set forth herein is not required, permitted or authorized by any state or federal law.

15

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 42 of 49 PageID #: 75

90.    Defendants' conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

91.    Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

92.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

93.    Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

94.    As the entity responsible for servicing Plaintiff and class members mortgage loans, Defendants owed the Plaintiffs and class members a duty of good faith and fair dealing.

95.    By breaching the terms of the mortgage contracts of Plaintiffs and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), Lakeview/ M & T Bank violated this duty.

96.    The Plaintiff and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

97.    Plaintiff and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendants actions.

98.    The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

16

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 43 of 49 PageID #: 76

99.    The Plaintiff and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

100.    The Plaintiff and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

101.    Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred. In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

102.    Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

### COUNT III
### BREACH OF CONTRACT AND BREACH OF COVENANT
### OF GOOD FAITH AND FAIR DEALING

103.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

104.    Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

105.    As described above, the mortgage contracts entered into by Plaintiff and members of the class constitute valid offers.

106.    Upon Plaintiff and members of the class executing the mortgage contracts and giving them to their Lenders, those / Mortgagees Lender's accepted those offers.

107.    Alternatively, Plaintiff and members of the class' execution of those mortgage contracts thereby giving a security interest in their properties to their Lenders constitutes an offer.

17

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 44 of 49 PageID #: 77

Acceptance of that offer occurred when Defendants accepted payments made by Plaintiffs and members of the class pursuant to the mortgage contract.

108.    The mortgage contracts were supported by consideration.  Plaintiffs and members of the class' payments to the Defendants constitutes consideration.

109.    Plaintiffs, members of the class and Defendants thereby formed valid contracts and Plaintiffs and members of the class were, are, and remain ready, willing and, able to perform under the contracts.

110.    Defendants breached the mortgage contracts of Plaintiffs and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d)  Regulations of HUD Secretary.  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid...  (See: 24 CFR .604(b)).

The Defendants failed to have face to face meetings with Plaintiffs and members of the class before three full monthly installments due on the mortgages were unpaid. Further, the

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 45 of 49 PageID #: 78

Defendants failed to make reasonable efforts to arrange such meetings with Plaintiffs and members of the class.

111.    Plaintiff and members of the class have suffered harm and are threatened with additional harm from Defendants breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

112.    The Defendants are obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.  (See e.g., Ide Farm & Stable, Inc. v. Cardi, 110 R.I. 735, 739 (1972)).

113.    Upon good information and belief Defendants routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

    a.    Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and members of the class;

    b.    Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

    c.    Failing to follow through on written and implied promises;

    d.    Failing to follow through on contractual obligations; and

19

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 46 of 49 PageID #: 79

e.   As a result of these failures to act in good faith and the absence of fair dealing, the Defendants' caused Plaintiffs harm, as alleged above.  The Defendants' bad faith was thus to Plaintiffs detriment.

**COUNT IV**
**VIOLATION OF R.I GEN. LAWS § 6-13 - CONSUMER PROTECTION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES LAWS**

114.   Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

115.   Plaintiff brings this claim on their own behalf and on behalf of each member of the class described above

116.   The Defendants' conduct as set forth herein constitutes trade - the offering, advertising and sale of goods and services.

117.   The Defendants' conduct as set forth herein occurred in the course of trade or commerce.

118.   The Defendants' conduct as set forth herein affects the public interest and is part of a generalized course of conduct affecting numerous consumers, including Plaintiff.

119.   Plaintiff and members of the class are consumers.

120.   Plaintiff and members of the class sought to obtain the Defendants goods and services primarily for personal, family or household use.

121.   The Defendants made false, deceptive and misleading representations and omissions about material aspects of the goods and services described herein.

122.   The Defendants made these representations and omissions knowingly and willfully and with the intent that Plaintiffs and members of the class would rely on them and would enter into contract or obligations as a result.

123.   The Defendants' conduct was likely to induce reliance and to create confusion and misunderstanding.

20

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Geneconte

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 47 of 49 PageID #: 80

124.   Plaintiff and members of the class did rely on the Defendants representations and omissions.

125.   The Defendants' conduct as set forth herein is deceptive, unfair and unconscionable, in violation of R.I. Gen. Laws § 6-13.1-2.

126.   The Defendants' conduct as set forth herein is not required, permitted or authorized by any state or federal law.

127.   The Defendants' conduct as set forth herein violates established public policy, and the harms caused to Plaintiffs and members of the class as consumers greatly outweighs any benefits associated with that conduct.

128.   As a result of the Defendants' conduct, Plaintiff and members of the class suffered ascertainable damages and ascertainable losses including:

   a.   wrongful foreclosure;

   b.   otherwise avoidable potential loss of home to foreclosure;

   c.   increased fees and other costs to avoid or attempt to avoid foreclosure;

   d.   loss of savings in fruitless attempts to secure loan modification;

   e.   loss of opportunities to pursue other refinancing or loss mitigation strategies;

   f.   significant stress and emotional distress;

   g.   accrued interest and increased principal balances; and

   h.   less favorable potential modification terms.

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-cv-00131-JJM-LDA   Document 2   Filed 04/04/17   Page 48 of 49 PageID #: 81

129.   Plaintiff and members of the class are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.


Dated: March 6, 2017



Respectfully Submitted,
Plaintiff, on Behalf of Himself
And All Others So Similarly Situated,
Through Their Attorney,

/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com

22

Case Number: PC-2017-1043
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 8:10:46 PM
Envelope: 956370
Reviewer: Alexa Goneconte

Case 1:17-CV-00131-JJM-LDA    Document 2    Filed 04/04/17    Page 49 of 49 PageID #: 82

## VERIFICATION OF COMPLAINT

I, Josue J. Feliz, Plaintiff in the above-captioned action, depose and state that I have read and subscribed to the foregoing complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury in March___, 2017.

Respectfully submitted

Josue J. Feliz